IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                   No. 1:13-cr-10055-JDB-1

SARAH LEANN KELLY,

    Defendant.

___

ORDER DENYING DEFENDANT'S REQUEST FOR RELIEF UNDER THE FIRST STEP ACT OF 2018

___

In a pro se motion filed January 21, 2020, the Defendant, Sarah Leann Kelly, seeks relief under § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018) (the "FSA"). (Docket Entry ("D.E.") 49.) On January 28, 2020, the Federal Defender's Office completed its review of the petition, opining that it was without merit. (D.E. 51.)

Kelly was charged in a two-count indictment on June 24, 2013, for firearms offenses in violation of 18 U.S.C. § 922(g). (D.E. 2.) The charged offenses occurred in 2013. Pursuant to a guilty plea to Count 1 of the indictment, she was sentenced on July 18, 2014, to 100 months' incarceration, to be followed by three years of supervised release. (D.E. 36, 44, 46.) She is currently confined in Bureau of Prisons custody.

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed.'" *Freeman v. United States*, 564 U.S. 522, 526 (2011) (quoting 18 U.S.C. § 3582(c)). However, the rule is subject to certain narrow exceptions, *id.*, including the FSA, *United States v. Terrell*, No. 2:09-CR-031, 2019 WL 3431449, at *1 (E.D. Tenn. July 29, 2019).

1

The statute, signed into law on December 21, 2018, "modified prior sentencing law and expanded vocational training, early-release programs, and other programming designed to reduce recidivism." *United States v. Boulding*, 379 F. Supp. 3d 646, 650 (W.D. Mich. 2019) (quoting *United States v. Simons*, 375 F. Supp. 3d 379, 385 (E.D.N.Y. 2019)), *appeal filed* (6th Cir. June 25, 2019) (No. 19-1706) & (6th Cir. May 28, 2019) (No. 19-1590). While the law made certain previous statutory changes retroactive, its scope was a limited one.

Specifically, the FSA permits the sentencing court to reduce a sentence "for a covered offense" on motion of a defendant. § 404(b), 132 Stat. at 5222. A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." § 404(a), 132 Stat. at 5222. Sections 2 and 3 of the Fair Sentencing Act of 2010 dealt with certain crack cocaine offenses. *See United States v. Majors*, 376 F. Supp. 3d 806, 808 (M.D. Tenn. 2019), *appeal dismissed* 2019 WL 6768908 (6th Cir. Nov. 15, 2019). Accordingly, the FSA permits the retroactive reduction of sentences only with respect to those offenses. *Id.* at 809.

As Kelly's conviction was for a firearms offense rather than crack cocaine, it is not a "covered offense" for purposes of the FSA. In addition, the crime of conviction was not committed before August 3, 2010. Thus, the statute offers her no relief. The motion is DENIED.

IT IS SO ORDERED this 14th day of February 2020.

                                                  s/ J. DANIEL BREEN
                                                  UNITED STATES DISTRICT JUDGE